JOSEPH FINK ET AL., Appellants, v. STEPHEN REGAN ET AL., Respondents.

Kansas City Court of Appeals, May 24, 1886.

PRACTICE—EVIDENCE—BILL OF EXCEPTIONS.—When the evidence is not set out in the bill of exceptions, but the statement is that its tendency is to support the petition and answer; and the instructions are such as might properly be given under any state of evidence, which could be legally admitted under the pleadings, this court will not disturb the result, as it has no means of knowing whether the instructions were justified by the testimony, or not.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This action is to enforce a mechanic's lien against

property described in the petition.   Plaintiffs contracted to build a brick building for defendants for the sum of $4,675.00.   After the work was begun changes and additions were made at defendants' instance, involving an alleged cost of $394.30.   The answer, besides a general denial, alleged that the plaintiffs contracted to have said house ready for occupancy by December 1, 1882; that in case of failure to complete and deliver said house within the time limited, plaintiffs were to pay defendants five dollars per day, as damages, for each day's delay, and that the house was not completed till April 1, 1883. The answer presented the further defence that the house was not built in a substantial and workmanlike manner, and that plaintiffs, to make it habitable, were compelled to lay out large sums for labor and material.

The answer laid the total damage at $1,408.70.   The trial resulted in a verdict for plaintiffs for $69.67, and they appeal to this court.

M. Campbell, for the appellants.

I.   Whenever a defendant intends to rest his defence upon any fact which is not included in the allegations necessary to the support of plaintiff's case, he must set it out.   *Northrup v. Miss., etc.*, 47 Mo. 435; *Kersey v. Garton*, 77 Mo. 645; Bliss on Code Pleading, sect. 352.   On the issue as to whether the facts in the petition are true, the court instructs for defendants that they can *recoup* against plaintiffs a sum equal to the actual cost of the house built; and that, as to damages, the jury should find, first, the contract price for the building; second, how much less it is worth as built; then, substract one of these results from the other for the damages.   And the second ignores the difference between the building contracted for, and as changed.   Both violate the law; and the second instruction *refused* plaintiffs puts the issue on its proper ground of contract, and that only.

II.   The further issues are, whether plaintiffs did

the work negligently, so that mechanics and laborers, at great expense, had to be hired and paid; and, if so, how much the defendant had to pay them? The instruction departs entirely from these issues, and ignores abso-lutely the money paid out, and the statement pleaded, and fixes the value of the house built as their damage. *Capital Bk. v. Armstrong*, 62 Mo. 59; *Currier v. Lowe*, 32 Mo. 203; *Wade v. Hardy*, 75 Mo. 394. ·

LIPSCOMB & RUST, for the respondents.

I. No question is raised as to the competency, or sufficiency of the evidence. The only questions are upon the instructions.

II. The instructions given and refused were prop-erly given and refused.

III. The questions raised, in this case, are not whether the instructions properly declare the law, but whether they conform to the facts.

IV. Defendants ask to *recoup* under the *third* de-fence, not under the general denial.

ELLISON, J.—The only objections urged here are as to the instructions, given and refused.

The evidence is not preserved in the bill of excep-tions. Its tendency to support the petition and answer is stated. The instructions are such as might very well have been given on part of defendants, and those for plaintiffs are such as might very properly have been re-fused, under the pleading in the cause. As we are not informed as·to the evidence we will not assume it did not justify the action of the trial court. When·the evi-dence is not set out, and the instructions are such as might properly be given under any state of evidence, which could be legally admitted under the pleadings, we will not disturb the result, as we have no means of know-ing whether the instructions were justified by the testi-mony or not.

The judgment is affirmed.    All concur.